UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BENNIE CHOICE,

        Plaintiff,

                                      Case Number 08-11762-BC

v.                                     Honorable Thomas L. Ludington

CHARLES COLEMAN, *Saginaw Police Officer*
and JOHN DOE, *Saginaw Police Officer*,

        Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS AND GRANTING MOTION FOR EXTENSION OF TIME

On April 27, 2005, Plaintiff Bennie Choice was arrested and charged with resisting and obstructing a Saginaw Police officer. On April 27, 2008, Plaintiff filed a complaint, alleging claims for violation of 42 U.S.C. § 1983, false arrest, false imprisonment, battery, and malicious prosecution. The complaint identifies two defendants: (1) Officer Charles Coleman ("Defendant Coleman") and (2) "Unknown John Doe Saginaw Police Officers" ("Doe Defendants"). On May 29, 2009, Defendants moved to dismiss the complaint because of insufficient process and insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(4-5). For the reasons stated below, the Court will **GRANT** in part and **DENY** in part Defendants' motion.

A

A plaintiff is required to follow certain procedures in accomplishing service. *See* Fed. R. Civ. P. 4. For example, a party must be served within 120 days of the filing of the complaint or the complaint should be dismissed without prejudice. *Id.* 4(m). A plaintiff that demonstrates "good cause" for the delay, however, must be allowed additional time to accomplish service. *Id.*; *see Nafziger v. McDermott Intern., Inc.*, 467 F.3d 514, 521 (6th Cir. 2006). A party may challenge, by

motion, the sufficiency of process or service of process. Fed. R. Civ. P. 12(b)(4-5). A motion to dismiss for insufficient service or process of service "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b).

B

Plaintiff filed his complaint on April 27, 2008. Dkt. # 1. The Clerk issued a summons, identifying Defendant Coleman. Dkt. # 2. Defendant Coleman contends that on August 27, 2008 Plaintiff served the summons on a Saginaw Police Department Shift Commander, not Defendant Coleman. On September 3, 2009, counsel appeared on Defendant Coleman's behalf and Defendant Coleman answered the complaint on September 17, 2009. Dkt. # 3, 4.

Defendant Coleman argues that Plaintiff did not serve Defendant Coleman in a manner consistent with Fed. R. Civ. P. 4(e) or within the proscribed time period contained in Fed. R. Civ. P. 4(m). While it appears that proper service was not accomplished in a manner consistent with Fed. R. Civ. P. 4(e)(2) or Mich. Ct. R. 2.105(A), Coleman has appeared and answered the complaint. Answering the complaint waives Defendant Coleman's ability to challenge the sufficiency service or service of process. Fed. R. Civ. P. 12(b). Defendant Coleman's timely appearance and answering of the complaint also waives the challenge. *See*, *e.g.*, *Allstate Ins. Co. v. Funai Corp.*, 129 F.R.D. 157, 163 (M.D. Pa. 2008). Thus, Defendant Coleman is not entitled to dismissal on these grounds and the Court will deny the motion in part.

With respect to Doe Defendants, no summons has ever been issued, no answer ever filed, and Plaintiff has not requested to join parties (originally identified as Doe defendants). The Court's docket, however, identifies Defendant Coleman's counsel as counsel of record for Doe Defendants. Doe Defendants argue, inter alia, that a summons has never been issued or served on anyone with

respect to Doe Defendants. In contrast to Defendant Coleman, Doe Defendants have not plead or otherwise defended against the action and, thus, they have not waived their right to raise a challenge under Fed. R. Civ. P. 12(b).

The complaint advances allegations against "Doe" defendants, which is permissible. *See generally Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 390 n. 2 (1971). However, that does not relieve Plaintiff of his duty of making reasonable efforts to identify, serve, and join the actual parties. *See Stratton v. City of Boston*, 731 F.Supp. 42, 45 (D. Mass. 1989) ("[T]he use of a fictitious name for a defendant will not be permitted if ignorance of the defendant's identity is the result of lack of reasonable inquiry.") There is no indication that Plaintiff has done so.

While Plaintiff's response argues that the summons was effective with respect to all defendants and Defendant Coleman's answer was on behalf of the Doe Defendants, the record does not support this assertion. *See* dkt. # 9 at 5, 11. Review of the summons and the answer demonstrate that each was associated with Defendant Coleman and neither incorporated Doe Defendants. *See* dkt. # 2, 4. Thus, Plaintiff has not served or identified any Doe Defendants since filing the complaint in April of 2008. Fed. R. Civ. P. 4(m) requires dismissal without prejudice if a party has not been timely served. Therefore, the Court will grant the motion in part and dismiss the complaint with respect to Doe Defendants for lack of service.

C

Accordingly, it is **ORDERED** that Defendants' motion to dismiss the complaint [Dkt. # 7] is **GRANTED** in part and **DENIED** in part. The complaint is **DISMISSED WITHOUT PREJUDICE** with respect to "Unknown John Doe Saginaw Police Officers," otherwise identified as JOHN DOE, *Saginaw Police Officer*.

It is further **ORDERED** that Plaintiff's motion for extension of time to file a response [Dkt. # 10] is **GRANTED**.  *See* Fed. R. Civ. P. 6.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated:  July 23, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 23, 2009.

s/Tracy A. Jacobs
TRACY A. JACOBS