UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BENNIE CHOICE,

        Plaintiff,

v.

        Case Number: 08-11762-BC
        Honorable Thomas L. Ludington

SAGINAW POLICE OFFICER
CHARLES COLEMAN ,

        Defendant.
_____/

## ORDER GRANTING MOTION TO AMEND PRETRIAL DISCLOSURES

On April 27, 2005, Plaintiff Bennie Choice was arrested and charged with resisting and obstructing a Saginaw Police officer.  On April 27, 2008, Plaintiff filed a complaint, alleging claims for violation of 42 U.S.C. § 1983, false arrest, false imprisonment, battery, and malicious prosecution.  The complaint identified two defendants: (1) Officer Charles Coleman ("Defendant Coleman") and (2) "Unknown John Doe Saginaw Police Officers" ("Doe Defendants").  The Court subsequently dismissed the Doe Defendants because they were not timely served with process. [Dkt. # 12].  Now before the Court is Defendant's motion to amend his pretrial disclosures [Dkt. # 22].  Defendant Coleman seeks permission to add a recently discovered witness to his witness list. Plaintiff did not respond or otherwise oppose the motion within the allotted time frame.  *See* E.D. Mich. L.R. 7.1(d)(2).

The Court has sufficient information to decide the motion at this time, and the hearing scheduled for October 27, 2009 at 4:00 p.m. will be cancelled.  Further, the Court finds that Defendant Coleman's failure to identify Officer Jeffrey Madaj in his initial disclosures "was substantially justified or is harmless."  Fed. R. Civ. P. 37(c).  Consequently, the motion [Dkt. # 22]

will be **GRANTED**.

Defendant Coleman's motion contends that Officer Madaj was off duty, but nevertheless in the area where the events at issue in this case occurred on April 27, 2005. Madaj asserts in an affidavit attached to Defendant Coleman's motion that he observed Plaintiff Choice's arrest first hand. Defendant Coleman, however, did not learn of Madaj's presence at the scene until more than four years later, during a conversation about the lawsuit that took place on September 11, 2009. Direct testimony concerning Madaj's first hand observation of the events that led to this lawsuit is certainly relevant, but Defendant Coleman may not introduce Madaj's testimony under Rule 37 unless the failure to identify him as a witness in the Rule 26 disclosures was "substantially justified or is harmless." Fed. R. Civ. P. 37(c).

Here, Defendant Coleman learned the identity of a potential witness able to provide corroborating testimony three months before trial. Coleman did not make a strategic decision to withhold Madaj's name from his initial disclosures, nor did Coleman disregard the rules of discovery. Madaj's testimony will not create an unfair surprise for Plaintiff Choice or disrupt the trial because Madaj's testimony is expected to corroborate Defendant Coleman's testimony, rather than add substantial new information or expand the dispute. *See MicroStrategy Inc. v. Bus. Objects, S.A.*, 429 F.3d 1344, 1357 (Fed. Cir. 2005) (citing *S. States Rack & Fixture Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596 (4th Cir. 2003)) (outlining factors to consider on the question of whether omission in initial disclosures is substantially justified or harmless); *see also Doe v. Lexington-Fayette Urban County Gov't*, 407 F.3d 755, 765–66 (6th Cir. 2005) (describing a four-factor test employed in the Sixth Circuit to determine whether to impose sanctions under Rule 37). To ensure that Defendant's addition to his initial disclosures does not prejudice Plaintiff, the Court will, however, provide Plaintiff with a reasonable opportunity to depose Madaj. *See United States v.*

*Rapanos*, 376 F.3d 629, 645 (6th Cir. 2004) (holding that failure to disclose supplemental expert witness report is harmless where other party was "aware of the data" and the district court gave that party "as much reasonable time as they need" to consult their own experts) *vacated on other grounds by* 547 U.S. 715 (2006).

Accordingly, it is **ORDERED** that Defendant Coleman's motion to amend his pretrial disclosures is **GRANTED**.

It is further **ORDERED** that discovery is reopened until **November 6, 2009** for the limited purpose of granting Plaintiff an opportunity to depose Officer Madaj.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: October 21, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 21, 2009.

s/Tracy A. Jacobs
TRACY A. JACOBS