UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BENNIE CHOICE,

        Plaintiff,

                              Case Number: 08-11762-BC
v.                                Honorable Thomas L. Ludington

SAGINAW POLICE OFFICER
CHARLES COLEMAN ,

        Defendant.
_____/

## ORDER GRANTING IN PART MOTION IN LIMINE

Plaintiff Bennie Choice was arrested and charged with resisting and obstructing a Saginaw Police officer on April 27, 2005. Exactly three years later he filed a complaint against Defendant Charles Coleman and "Unknown Saginaw Police Officers," alleging claims for violation of 42 U.S.C. § 1983, false arrest, false imprisonment, battery, and malicious prosecution. The Court subsequently dismissed the Doe Defendants because they were not timely served with process. [Dkt. # 12]. Now before the Court is Defendant Coleman's motion in limine to exclude evidence related to a prior incident, and eventual lawsuit, involving allegations of excessive force when making an arrest. [Dkt. # 19]. The lawsuit was apparently settled, and the motion in limine also asks the Court to prohibit evidence of the settlement.

The factual record underlying this motion is sparse at best. To start with, Defendant's papers do not reflect any effort to confer with Plaintiff's counsel before filing the motion, as the Local Rules require. E.D. Mich. L.R. 7.1(a). On the other hand, Plaintiff did not file a response to Defendant's motion. Nevertheless, the Court is prepared to address the motion on the papers without hearing in accordance with E.D. Mich. L.R. 7.1(e). For the reasons stated below, the motion

will be **GRANTED IN PART**.

On August 24, 1997 Defendant Coleman, already working as a police officer for the City of Saginaw, arrested a man named Peter Bader. It is not clear from the record the circumstances that led to the arrest or exactly what occurred during the arrest, but a dispute arose about the way in which Mr. Bader was handcuffed. A lawsuit was filed against Defendant Coleman, Officer Steve Martin, and the City of Saginaw, making claims that are presumably similar to Plaintiff Choice's claims in this case. The lawsuit was apparently settled, but the terms of the settlement are not clear. Defendant Coleman argues that evidence about the Bader arrest should be excluded from trial pursuant to Rule 404(b), and that evidence of the settlement should be excluded pursuant to Rule 408, or in the alternative, Rule 401.

"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes . . . ." Fed. R. Evid. 404(b). The rule rejects character evidence when offered to prove action in conformity with character not "because character is irrelevant, on the contrary, it is said to weigh too much with the jury and to overpersuade them as to prejudge one with a bad general record and deny him a fair opportunity to defend against a particular charge." *See Michelson v. United States*, 335 U.S. 469, 475–76 (1948) (explaining the rationale of a similar common law rule before the adoption of the Federal Rules of Evidence). Rule 404(b) disallows the introduction of evidence meant to demonstrate to the jury that Defendant Coleman abused a suspect during an arrest in the past, and as a result, he is more likely to act abusively toward other suspects in the future.

That same evidence, however, may be introduced for one of the other purposes delineated by Rule 404(b) as long as it is (1) supported by sufficient evidence such that the jury could

reasonably conclude it occurred, (2) probative of the asserted alternative purpose, and (3) its probative value is not substantially outweighed by the danger of unfair prejudice. *United States v. Stephens*, 549 U.S. 459, 462 (6th Cir. 2008). Rule 404(b) specifically identifies "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, [and] absence of mistake or accident" as permissible purposes for the introduction of character evidence.

Defendant's motion will be granted to the extent it argues that evidence of the Bader arrest is not admissible to prove that Defendant acted in a similar fashion when arresting Plaintiff Choice. Additionally, Plaintiff has not articulated an alternative rationale for admission of the evidence or even proposed admitting any Bader evidence, making an inquiry into its probative value for another purpose premature. However, if Plaintiff believes there is a reason to admit evidence related to the Bader arrest, the evidence and its purpose shall be identified in papers filed no less than three days before trial so that the Court has an opportunity to inquire into whether its probative value as to that alternative purpose is substantially outweighed by unfair prejudice.

Defendant also asserts that evidence concerning the settlement of the Bader lawsuit is inadmissible pursuant to Rule 408. The rule provides that evidence of "furnishing or offering or promising to furnish . . . valuable consideration in compromising or attempting to compromise a claim" is not admissible "when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction[.]" Fed. R. Evid. 408. Such evidence may be admissible when offered for another purpose, including "proving a witness's bias or prejudice; negating a contention of undue delay; and proving an effort to obstruct a criminal investigation or prosecution." *Id.* The rule is grounded upon the understanding that such evidence may not be relevant because the purpose of the offer of

compromise may have been "a desire for peace rather than from any concession of weakness of position" and, more importantly, a "public policy favoring the compromise and settlement of disputes." Advisory Committee's Note to Federal Rule of Evidence 408. "While the rule is ordinarily phrased in terms of offers of compromise, it is apparent that a similar attitude must be taken with respect to completed compromises when offered against a party thereto. This latter situation will not, of course, ordinarily occur except when a party to the present litigation has compromised with a third person." *Id.*

The plain language of Rule 408, particularly when read in conjunction with the Advisory Committee's note, prohibits admission of the Bader settlement if offered to prove Defendant was at fault or liable for wrongdoing related to the Bader incident. Moreover, the settlement may be irrelevant to that issue, as it could have been motivated by a "desire for peace" not any concession of responsibility. Finally, admitting the settlement to prove liability in the Bader incident would discourage settlements in future cases. Consequently, even though the situation here involves a settlement in which Plaintiff was not involved, the settlement is still inadmissible in this suit. Indeed, barring admission of the settlement fits precisely with the purposes for which Rule 408 was adopted. If Plaintiff believes evidence of the settlement is relevant for an alternative, permissible purpose, he should identify the evidence and the purpose in papers filed no less than three days before trial.

Accordingly, it is **ORDERED** that the motion in limine [Dkt. # 19] is **GRANTED** to the extent it requests that evidence concerning Defendant's bad acts during the Bader incident be excluded if offered to prove Defendant's character and propensity to act in conformity with that character during the Choice arrest. If Plaintiff believes there is evidence related to the Bader arrest

that is relevant for an alternative purpose, Plaintiff is **DIRECTED** to identify the evidence and its purpose in papers filed with the Court no less than three days before trial.

It is further **ORDERED** that the motion in limine [Dkt. # 19] is **GRANTED** to the extent it requests that evidence of the Bader settlement be excluded pursuant to Rule 408 if offered to prove that Defendant acted badly or was liable for wrongdoing associated with the Bader arrest. If Plaintiff believes there is evidence related to the Bader settlement that is relevant for an alternative purpose, Plaintiff is **DIRECTED** to identify the evidence and its purpose in papers filed with the Court no less than three days before trial.

It is further **ORDERED** that the motion hearing scheduled for November 24, 2009 at 2:30 p.m. is **CANCELLED**. The final pretrial conference scheduled for the same time will still be held.

                                                            s/Thomas L. Ludington
                                                            THOMAS L. LUDINGTON
                                                            United States District Judge

Dated: November 23, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 23, 2009.

                                      s/Tracy A. Jacobs
                                       TRACY A. JACOBS